DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Chillicothe Municipal Court, Small Claims Division, which found for Plaintiff-Appellant Ronald B. Ours on the issue of liability and awarded him $50 in property damage. Appellant challenges the trial court's determination of damages. We affirm.
STATEMENT OF THE CASE
Appellant purchased a five-inch portable television set on December 1, 1996. Defendant-Appellee Mackarl Enterprises was the distributor of the television. On January 5 or 6, 1997, appellant plugged in the television set and turned it on for the first time. Shortly thereafter, the television caught fire, both destroying the television and causing smoke damage to appellant's home. Appellant brought suit in the Chillicothe Municipal Court, Small Claims Division, against appellee, seeking damages related to the loss of the television and the resulting damage to his home.
The case was heard before a magistrate of the Chillicothe Municipal Court. On May 18, 1999, the magistrate issued findings of fact and conclusions of law, in which she found that appellant had successfully met his burden of proving appellee's liability, since the evidence demonstrated that the television was defective and was the cause of the fire. However, the magistrate found that appellant had failed to meet his burden of proving damages. Appellant admitted at the hearing that he had done no cleaning or repairs of the house, and that he had obtained no estimates for the work that had to be done to repair his home. The magistrate found that appellant's own estimates of the damage to his home were speculative at best. Accordingly, the magistrate awarded appellant $50 in damages, representing the value of the television set, and made no award for the damage to the house.
On June 1, 1999, appellant filed objections to the magistrate's findings of fact and conclusions of law. On June 7, 1999, the trial court overruled appellant's objections and entered judgment in accordance with the magistrate's decision. Appellant filed a timely notice of appeal and presents one assignment of error for our review.
ASSIGNMENT OF ERROR NO. I:
 THE TRIAL COURT ERRONEOUSLY FAILED TO AWARD PROPERTY DAMAGES WHERE EVIDENCE OF PROPERTY DAMAGES WAS UNCONTROVERTED AND UNCONTESTED AT TRIAL.
 OPINION
Appellant's argument is in the nature of a claim that the judgment of the trial court is against the manifest weight of the evidence. When an appellant argues that "a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B). Appellant has failed to furnish this court with a transcript of the hearing before the magistrate. Without such a transcript for our review and analysis, we have nothing upon which to base a ruling, and we must presume the validity of the proceedings in the trial court. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. Accordingly, appellant's sole assignment of error is OVERRULED. The judgment of the Chillicothe Municipal Court, Small Claims Division, is AFFIRMED.
JUDGMENT AFFIRMED.
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court, Small Claims Division to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J., and ABELE, J.: Concur in Judgment and Opinion.
 BY: _____________________ DAVID T. EVANS, Judge